LENHART ET AL. *v.* HANNA ET AL.

*Constitutional law — Police power — Limitations — Unreasonable restrictions and burdens — Regulation of barber shops —Injunction.*

Police powers are not superior to constitutional limitations, and legislative action based on such power is subject to judicial review; and where action thus taken is unreasonable, oppressive, confiscatory and in contravention of the right to carry on an occupation with due regard to law and the health of the community, injunction lies against its enforcement.

(Decided October 20, 1920.)

APPEAL: Court of Appeals for Stark county.

*Messrs. Amerman & Mills,* for plaintiffs.

*Mr. C. A. Fisher,* city solicitor, and *Mr. Jas. E. Kinnison,* assistant city solicitor, for defendants.

SHIELDS, J. The plaintiffs for themselves and others who are employed in and engaged in the business of operating barber shops in the city of Canton, Ohio, brought suit against the defendants

as members of the board of health of said city, including defendant J. A. Kappelman, as health officer of said city, to enjoin them from enforcing or attempting to enforce the provisions of a certain resolution passed by the board of health November 25, 1919, to be effective January 1, 1920, entitled a resolution "providing certain rules and regulations governing barber shops in the city of Canton," a copy of which resolution is attached to and made a part of the plaintiff's petition, but is not given here on account of its length, but the alleged objectionable features, however, appear in this opinion. The petition avers that said resolution has been duly published and the same will be in force and effect on and after January 1, 1920, unless its operation is restrained by an order of court. After reciting the several provisions of said resolution, the plaintiffs aver that the same "is unreasonable, arbitrary, unjust, and without authority of law, and that it will be impracticable and impossible for plaintiffs and others similarly situated in said city to observe all of the capricious rules and regulations provided in said resolution, which are entirely unnecessary in providing sanitary conditions in and about barber shops in said city." Plaintiffs further aver that an attempt to conform to the provisions of such resolution, were they able to do so, would entail an additional expense of from $10 to $15 per week upon each and every barber shop in said city, and in addition thereto it would be necessary to employ the service of special servants to carry out the provisions of such resolution, which would be practically ruinous to their business; that the employes in said barber shops have served

notice on their employers that they will refuse to apply for a license to work under the terms of said resolution, that they will quit their present places of employment and seek employment elsewhere, where such unreasonable regulations do not obtain, and that by reason thereof the plaintiffs, if the provisions of said resolution are enforced, will be obliged to discontinue their business. They further aver that the defendants have undertaken arbitrarily and without authority of law to assess a penalty for the non-observance of all the terms and provisions of said resolution; that in passing said resolution they have discriminated against those engaged in a lawful occupation by imposing unusual and unnecessary restrictions on them by requiring all such to submit to a physical examination and pay a fee therefor, thus creating an illegal and unconstitutional discrimination against such business, which is a practical denial of their rights as citizens and a violation of their rights under the Constitution of the State of Ohio. They further aver that they and others acting with them are without adequate legal means to protect themselves against the enforcement of the provisions of said resolution and that if the same is allowed to be enforced they will suffer loss of their property and business and will be irreparably injured unless the court in the exercise of its equity powers grants them protection and relief. A temporary restraining order was prayed for and plaintiffs ask that on final hearing said order may be made permanent.

A general demurrer filed to said petition was overruled. Thereupon the defendants filed an answer admitting that the plaintiffs are engaged in

the business of operating barber shops in said city, that the defendants compose the board of health of said city, that J. A. Kappelman is the health commissioner thereof, that the resolution attached to the plaintiffs' petition is a true copy of the resolution adopted by said board of health providing rules and regulations to govern the operation of barber shops in said city, to become effective January 1, 1920, that the same has been duly published and that the plaintiffs and those in their employ have been notified of the provisions of said resolution. Barring the foregoing admissions the defendants deny each and every allegation in said petition.

A temporary restraining order was allowed by the court below, as prayed for, and on a hearing had the order was made permanent. The case comes to this court on an appeal taken from the judgment of the court below.

Several questions arise upon the record, but those mainly insisted upon by counsel for the plaintiffs relate to the unreasonable and discriminatory character of the resolution upon which this action is based. While admitting that the board of health of a municipality in the exercise of the powers conferred by statute may make and enforce all reasonable and necessary orders in the interest of public health, and may make such orders and regulations as it deems necessary for the prevention and spread of contagious diseases, all of which is of supreme importance to any community, it is contended on behalf of the plaintiffs that the defendants, in seeking to regulate the business of the plaintiffs by the passage of the resolution in question, have exceeded

their authority in law by imposing upon them unreasonable restrictions and burdens with which they cannot comply, and which if enforced against them will result in their discontinuance in business and practically amount to a confiscation of their property.

That the action of the board of health in passing the resolution was to regulate the business of barber shops in said city by requiring cleanliness to be observed in the places where such business is carried on, and of the persons engaged in such business, is apparent from the reading of the resolution, but are its provisions fair, reasonable, and impartial — reasonable and impartial toward this particular trade or business occupation, which is everywhere recognized as both useful and legitimate, as much so as that of the merchant or other persons engaged in commercial business? The plaintiffs' make answer in the negative. Without pointing out in detail the objection made to the resolution, they say, among other things, that the provision requiring the proprietors of barber shops in the city to apply for and obtain a permit of the health department of the city, upon the payment of an annual fee, before being authorized to carry on such business in the city, and the provision requiring a physical examination of all barbers carrying on said business in said city, and the payment of a fee therefor as a condition thereof, and the provisions requiring barbers while serving customers "to wear a light colored, washable blouse or coat" and that "razors used on all customers must not be stropped until after they are sterilized," and other like provisions in the resolution, are unreasonable,

oppressive, and impracticable, and further, are violative of the constitutional rights of those engaged in business as barbers.

While conceding that their places of business should be kept clean and sanitary, the plaintiffs and others engaged in said business testify that a strict regard for such practice is universally observed by them, and that in the use of tools and instruments used for carrying on their business a like regard for cleanliness is shown to insure immunity of their customers and prevent the spread of contagious disease. In this connection we may incidentally refer to the interesting and valuable suggestions made by the members of the board of health in their testimony upon this subject. As has been said "the human body is but a reservoir for the accumulation of disease with its activities not limited to country or climate," hence it is that the note of caution is sounded by those best qualified to speak upon communicable diseases that care should be observed by those who congregate in business places, and that sanitary measures should be practiced both in public and in private as a necessary precaution against taking on any of the numberless forms of disease to which the human body is subject. Theoretically the philosophical dissertation of the witnesses of the medical profession on the nature and spread of contagious disease is sound, and in many respects the provisions of this resolution, making it necessary to observe sanitation in barber shops, are equally sound, but we are still met with the proposition challenged by the plaintiffs, namely, Can the board of health require of the barbers what is termed a license as a condi-

tion to carry on their business in said city, to require that they be physically examined beforehand, and pay a fee therefor, and that they be compelled to wear a certain prescribed garb while engaged in the service?

We know of no good reason in morals or otherwise why the barber should be compelled to pay special tribute to the health department to enable him to carry on his business, if lawfully conducted, nor do we know how the board of health assumes to take jurisdiction to regulate such business by requiring those engaged in such service to wear a certain prescribed garb. That it has the power to regulate such business by the making and enforcing of orders consistent with reasonable rules governing health is not disputed, but its right to enact penal measures as a means of enforcing unreasonable and discriminating legislation against a lawful trade and those engaged in it. is disputed, and we think rightfully so, even assuming that all the necessary preliminary steps were taken by the board of health prior to the passage of the resolution, for it is but fair to assume that the power thus given is to be exercised in favor of the existence rather than the destruction of any lawful business. And we also think that every person engaged in a legitimate business has the right to prosecute such business in his own way, so long as he does so by complying with the law pertaining to such business and by observing all reasonable rules pertaining to the public health, and such right cannot be interfered with or taken from him without due process of law. In the legitimate and peaceable pursuit of this business he is protected by the law and any curtail-

ment of this privilege is an invasion of his constitutional rights. It was said in argument that where a subject is within the police power of the state, the question of regulation rests with legislative action and is not subject to the control of judicial decision, but this presupposes legislative action within constitutional limitations, and not legislation which clearly discriminates against a particular lawful trade or occupation and imposes unreasonable burdens thereon. In *Froelich* v. *City of Cleveland,* 99 Ohio St., 376, it was held:

"The state and municipalities may make all reasonable, necessary and appropriate provisions to promote the health, morals, peace and welfare of the community. But neither the state nor a municipality may make any regulations which are unreasonable. The means adopted must be suited to the end in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation."

The same principle was announced in *Toledo Disposal Co.* v. *State,* 89 Ohio St., 230; also in *Bernhardt* v. *Wise, a Constable,* 12 N. P., N. S., 545. In the latter case the rule was announced at page 560:

"Under the mere guise of police regulations, personal rights and private property can not be arbitrarily affected, and the determination of the Legislature is not final or conclusive."

So the discretionary power to be exercised by the legislature must rest upon reason, for its exercise does not authorize an unlimited control over

the business occupations of a people who are carrying on their business with a due regard for the law and its application to the health of the community. And in this connection it seems unnecessary to add that the power to regulate does not include the power to confiscate and destroy. Nor are police powers superior to constitutional limitations, and while it is a settled principle of law that where a subject is properly within the police power of a state the question as to what regulations are proper and needful is one for legislative action, and that discretion in such cases can not be controlled by judicial decision, still where it is exercised in direct conflict with a constitutional provision, such legislative action is not final, but is subject to judicial decision, and such we think is the case here.

Without pursuing this subject further we are of the opinion that the provisions of this resolution in the several respects mentioned are unreasonable and oppressive, that the same are in violation of the right guaranteed to every person under the law to pursue his business occupation lawfully, as he sees fit, that the same are discriminatory in character, and that said resolution is in violation of Section 1, Article I of the Constitution of Ohio. A judgment and decree may be entered in favor of the plaintiffs and the temporary injunction heretofore allowed will be made permanent.

*Judgment for plaintiffs.*

HOUCK and PATTERSON, JJ., concur.